UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 17-cv-14279-MIDDLEBROOKS

TINA ISON,

      Plaintiff,

v.

HAPPY CHEF DINER, LLC, a Florida
limited liability company, DENNIS H.
MANN, and LINDA L. MANN,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants, Happy Chef Diner, LLC and Linda Mann, operated a restaurant in Lake Placid, Florida. Plaintiff, Tina Ison, worked as a server in the restaurant.

In August, 2017, Plaintiff represented at that time by counsel, brought an action to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq. ("FLSA"), and unpaid minimum wages under the Florida Minimum Wage Amended, Article X, § 24 of the Florida Constitution.

A trial date was set for May 14, 2018 and discovery began. Then on January 18, 2018, plaintiff's attorney moved to withdraw alleging irreconcilable differences not involving compensation saying that it would not be possible to continue representing the Plaintiff in a professional and ethical manner. I granted the motion on February 2, 2018, directed counsel to inform the plaintiff of all pending deadlines and required Ms. Ison by February 19, 2018 to retain new counsel or advise the Court of how she intended to proceed.

Ms. Ison did not respond.  On February 20, 2018, the Defendants moved for summary judgment.  On February 22, 2018, I entered an Order to Show Cause why Plaintiff's case should not be dismissed with prejudice for failure to prosecute.  I again directed Ms. Ison to retain counsel or advise how she intended to proceed, this time by March 6, 2018, and warned that failure to comply would result in dismissal of her action.  Again she did not respond, either to my Order or the Defendants' Motion for Summary Judgment.  Defendants advise that the plaintiff never responded to their discovery requests although answers and document production were due December 18, 2017.

The Court may grant summary judgment "if the pleadings, the discovery and disclosure of materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.  After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Indus. Co. v. Zenith*

2

*Radio Corp.,* 475 U.S. 574, 586 (1986).   According to the plain language of Fed. R. Civ. P.
56(e), the non-moving party "may not rely merely on allegations or denials in its own
pleadings," but instead must come forward with "specific facts showing a genuine issue for
trial." Fed. R. Civ. P. 56(e); *Matsushita,* 475 U.S. at 587.   "A mere 'scintilla' of evidence
supporting the opposing party's position will not suffice; there must be a sufficient showing that
the jury could reasonably find for that party." *Walker v. Darby,* 911 F. 2d 1573, 1577 (11th Cir.
1990).

## DISCUSSION

To establish a claim for unpaid overtime and minimum wages under the FLSA, a plaintiff
employee must prove one of two types of coverage, either: (1) "individual coverage," in which
the employee was "engaged in commerce or in the production of goods for commerce," or (2)
"enterprise coverage," in which the employee was "employed in an enterprise engaged in
commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1); *see
also Thorne v. All Restoration Servs.,* 448 F.3d 1264, 1265-66 (11th Cir. 2006). *Martinez v.
Jade Palace,* 414 F. App'x. 244-45 (11th Cir. 2011).

### 1.  FLSA Enterprise Coverage

Defendant argues that the undisputed material facts establish that Defendant does not
meet the requirements for "enterprise coverage" under the FLSA.   In order for an enterprise to be
"engaged in commerce" for purposes of enterprise coverage, a business must have employees
handling goods or materials that have been moved in interstate commerce and must have annual
gross volume of sales or business done in excess of $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(i),
(ii).   Here, Defendant produced tax returns in support of its motion for summary judgment

3

indicating that Defendant falls well below that threshold and therefore does not meet the second requirement for enterprise coverage.

## 2. FLSA Individual Coverage

To be an employee "engaged in commerce" within the meaning of the FLSA, the employee "must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails or travel." *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 493-98 (1943)); *see also* 29 C.F.R. §§ 776.9-776.12.

In *McLeod v. Threlkeld*, a railroad company employed a cook to prepare and serve meals to workmen repairing the tracks. The cook sought unpaid overtime and minimum wages. 319 U.S. at 492 & n.1. The Supreme Court concluded that the cook was not "engaged in commerce" for purposes of FLSA coverage. *Id.* at 497-98. The Supreme Court explained that only employees who were in the "channels of interstate commerce," such as operating or maintaining transportation facilities, and not "those who merely affected that commerce," were covered by the "engaged in commerce" provision of the FLSA. *Id.* at 493-94; *see also* 29 C.F.R. § 776.11(c) (stating that in *McLeod* the cook's work was "too remote from interstate commerce or foreign commerce to establish coverage on the ground that the employee performing it is 'engaged in commerce'").

Here, Ms. Ison has presented no evidence that she was "engaged in commerce" as that phrase has been interpreted by the Supreme Court and Eleventh Circuit. She did not work for an instrumentality of commerce, but for a small, locally-owned restaurant. According to the undisputed facts, Ms. Ison was a server who took orders and served food. There has been no showing that she used the telephone, interstate or mail as part of her duties and no evidence that she was required to travel across state lines or to transport materials that moved in interstate commerce. She was not "engaged in commerce" for purposes of individual coverage under the FLSA.

### 3. FMWA Claim

Florida has adopted the eligibility criteria from the federal Fair Labor Standards Act to determine which employees qualify for coverage. See FL. Constitution, Article X, Sec. 24(c). "the terms 'Employer', 'Employee' and 'Wage' shall have the meanings established under the federal Fair Labor Standards Act (FLSA) and its implementing regulations." *See also*, Fla Stat. 448.110, "only those individuals entitled to receive the federal minimum wage under the Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to § 24, Article X of the State Constitution and this section." For the same reasons that plaintiff's claims fall outside the FLSA they are not subject to the FMWA.

### CONCLUSION

The affidavit and statement of undisputed facts filed by the Defendants show that the defendants do not meet the requirement of enterprise coverage under the FLSA and that the plaintiff was not engaged in commerce as defined by the Act. It is unfortunate that Ms. Ison has chosen not to prosecute her case or respond to my orders. But we are at the eve of trial and Defendants are entitled to summary judgment. Therefore, it is

6

ORDERED and ADJUDGED that Defendants' Motion for Summary Judgment (D.E.

26) is GRANTED.

DONE and ORDERED in Chambers at West Palm Beach, Florida this 20 day of

April, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE